IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| NATACHA SUÁREZ CARLO, ET AL.,<br><br>**Plaintiffs**,<br><br>v.<br><br>ALIVIA SPECIALTY PHARMACY, LLC,<br><br>**Defendant**. | CIVIL NO. 24-1381 (RAM) |

### MEMORANDUM AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

    On July 8, 2024, Plaintiff Natacha Suárez-Carlo ("Plaintiff" or "Suárez") filed a *Complaint* containing various employment law claims under Puerto Rico Law and Title VII of the Civil Rights Act ("Title VII"). (Docket No. 1 ¶ 1, 3). On August 23, 2024, Defendant Alivia Specialty LLC ("Defendant" or "Alivia") filed a *Notice of Removal* asserting that because Plaintiff included a claim under Title VII, the case can be removed pursuant to 28 U.S.C. § 1441 for including "a claim arising under the Constitution, laws, or treaties of the United States." Id. ¶ 4; *see also* 28 U.S.C. § 1441(c)(A).

    On September 19, 2024, Plaintiff filed the pending *Motion for Partial Voluntary Dismissal* requesting that the Court enter partial judgment dismissing all her Title VII claims. (Docket No. 8). Subsequently, on September 23, 2024, Plaintiff filed the pending *Motion for Remand*, requesting that the case be remanded

to the court of origin given her voluntary dismissal of all federal claims. (Docket No. 9).

Having reviewed the record, the Court hereby **GRANTS** Plaintiff's *Motion for Partial Voluntary Dismissal* requesting dismissal of her Title VII claims at Docket No. 8. In the absence of any remaining federal law claims, it is within the Court's discretion to retain supplementary jurisdiction over the remaining Puerto Rico law claims. *See* Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary.").

First Circuit case law is clear "that district courts may decline to exercise supplemental jurisdiction over pendent state law claims when the anchor federal claims for those state law claims are dismissed." Borrás-Borrero v. Corporación del Fondo del Seguro del Estado, 958 F.3d 26, 37 (1st Cir. 2020). Where, as here, the federal claims are dismissed at an early stage of the proceedings, a District Court is well within its discretion to decline to exercise supplemental jurisdiction over pending state-law claims. *See e.g.*, Massó-Torrellas v. Municipality of Toa Alta, 845 F.3d 461, 469-70 (1st Cir. 2017); *see also*, Rivera-Diaz v. Humana Ins. of Puerto Rico, Inc., 748 F.3d 387, 392 (1st Cir. 2014) (quoting Carnegie-Mellon Univ. v. Cohill,

484 U.S. 343, 350 n.7, (1988)) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors [...] will point toward declining to exercise jurisdiction over the remaining state-law claims.").

In accordance with the above, the Court hereby **GRANTS** Plaintiff's *Motion to Remand* at Docket No. 9 and **ORDERS** that the case be remanded to the Puerto Rico Court of First Instance, San Juan Superior Part, case caption and number: <u>Natacha Suárez Carlo et al v. Alivia Specialty Pharmacy LLC et al</u>, Case No. SJ2024CV06349.

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan Puerto Rico, this 27th day of September 2024.

S/ Raúl M. ARIAS-MARXUACH
United States District Judge
